UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | CHAPTER 13 |
| ROBERT SZILAGY, | CASE NO. 8-19-78323-ast |
| | CHIEF JUDGE: Alan S. Trust |
| DEBTOR. | |

**PLEASE TAKE NOTICE** that upon the annexed affirmation of the undersigned of the law firm of LOGS Legal Group LLP f/k/a Shapiro, DiCaro & Barak, LLC, attorneys for JPMorgan Chase Bank, National Association ("Movant") will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON. Alan S. Trust |
| RETURN DATE & TIME: | April 28, 2022 at 10:30 AM |
| COURTHOUSE: | 290 Federal Plaza, Room 960, Central Islip, NY 11722 |
| RELIEF REQUESTED: | The proposed order will seek to vacate the automatic stay imposed by 11 U.S.C. § 362(a) generally described as 121 Turtle Cove Lane, Huntington, NY 11743, pursuant to 11 U.S.C. § 362(d)(1) based upon the total debt due to Movant, resulting in Movant's lack of adequate protection with regard to the subject property. Movant also seeks to vacate the automatic stay imposed by 11 U.S.C. § 1301(a) pursuant to 11 U.S.C. § 1301(c)(3) with respect to the co-debtor/co-mortgagor on the subject mortgage to wit: Cheryl Szilagy a/k/a Cheryl A. Szilagy a/k/a Cheryl Ann Szilagy as to the subject property. |

16-055394

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, to the relief requested, must be served upon and received by LOGS Legal Group LLP f/k/a Shapiro, DiCaro & Barak, LLC at their offices at 175 Mile Crossing Boulevard, Rochester, NY 14624 and filed with the Clerk of the United States Bankruptcy Court for the Eastern District of New York at 290 Federal Plaza, Room 960, Central Islip, NY 11722 no later than seven (7) days prior to the return date of this motion.

Dated:   April 4, 2022
        Plainview, New York

          /s/Shari Barak
          Shari S. Barak
          LOGS Legal Group LLP f/k/a Shapiro, DiCaro & Barak, LLC
          Attorneys for JPMorgan Chase Bank, National Association
          175 Mile Crossing Boulevard
          Rochester, New York 14624
          Telephone: (585) 247-9000
          Fax: (585) 247-7380

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE IS REQUIRED BY THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.**

TO:    SERVICE LIST

16-055394

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
IN RE

ROBERT SZILAGY,

DEBTOR.

CHAPTER 13

CASE NO. 8-19-78323-ast

JUDGE: Alan S. Trust

**AFFIRMATION IN SUPPORT OF
ENTRY OF AN ORDER GRANTING
RELIEF FROM THE AUTOMATIC STAY**

The undersigned, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am a managing attorney with the law firm of LOGS Legal Group LLP f/k/a Shapiro, DiCaro & Barak, LLC, attorneys for JPMorgan Chase Bank, National Association ("Movant"), a secured creditor of Robert Szilagy ("Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for an Order Granting Relief from the automatic stay, for cause, pursuant to 11 U.S.C. § 362(d)(1) based upon Debtor's post-petition default, resulting in Movant's lack of adequate protection, and 13

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Movant pursuant to a Consolidation Extension Modification Agreement ("Consolidation Agreement") executed by Debtor and non-filing co-borrower on May 14, 2004, whereby Robert A. Szilagy and Cheryl Ann Szilagy promised to repay the principal amount of

16-055394

$150,000.00 plus interest to JPMorgan Chase Bank (the "Consolidation Note").  To secure the repayment of the Consolidation Agreement, Robert A. Szilagy and Cheryl Ann Szilagy granted JPMorgan Chase Bank a mortgage, which was duly recorded as part of the Consolidation Agreement in the Suffolk County Clerk's Office on November 22, 2004 in Book M00020915, Page 771 (the "Consolidated Mortgage", the Consolidation Agreement, Consolidated Note and Consolidated Mortgage, collectively, as the "Loan"), encumbering real property located at 121 Turtle Cove Lane, Huntington, NY 11743 (the "Property"). A copy of the Consolidation Agreement, including the Consolidated Note and Consolidated Mortgage are annexed hereto as **Exhibit "A"**.

5. Upon information and belief, the Debtor herein own(s) the Property.

6. Debtor filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code on or about December 9, 2019.  Debtor's Chapter 13 plan was confirmed by Order dated November 13, 2020.  A copy of the Confirmation Order is attached as **Exhibit "B"**.

7. The Mortgage was in default on the day the Debtor filed this bankruptcy.  Based upon said default, Movant initiated foreclosure proceedings in the Supreme Court of the State of New York, County of Suffolk, under index number 614250/2016.  Judgment of Foreclosure & Sale ("JFS") was entered September 24, 2019.  Foreclosure sale was duly advertised in accordance with said judgment, with a sale date scheduled for December 17, 2019.  The filing of the instant bankruptcy stayed said sale.   Annexed hereto as **Exhibit "C"** are copies of the Judgment of Foreclosure & Sale and Notice of Sale.

8. Debtor has failed to make current mortgage payments due to Movant under the terms of the Loan.  As a result, the Mortgage remains due post-petition for the August 15, 2021 payment and each subsequent payment thereafter.   Debtor's failure to make post-petition payments

16-055394

constitutes a default pursuant to the terms of the Confirmation Order as referenced in paragraph 6 hereinabove.

9. The amount of delinquency due as of March 9, 2022 under the Mortgage is as follows:

| | |
|---|---:|
| 7 Defaulted Monthly Payments at $624.39 each<br>(August 2021 through February 2022) | $4,370.73 |
| Total Delinquencies | $4,370.73 |

10. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is annexed hereto as **Exhibit "D"**.

11. Moreover, in view of the total debt due to Movant and in light of the Debtor's failure to make post-petition payments, Movant is no longer adequately protected. The automatic stay must be vacated for cause pursuant to 11 U.S.C. § 362(d)(1).

12. As set forth in the Affidavit, as of March 09, 2022, the approximate debt due and owing to Movant equals $276,850.47. The debt is accruing interest at a rate of 0.00% per annum.

13. A post-petition payment history is annexed hereto as **Exhibit "E"**.

14. Based upon the Debtor's Schedule D, the Property has an estimated fair value of approximately $900,000.00. A copy of Debtor's Schedule D is annexed hereto as **Exhibit "F"**. As indicated in paragraph 12 herein above, the total debt to Movant equals $276,850.47.

15. For the reasons set forth herein above, Movant also seeks to vacate the automatic stay imposed by 11 U.S.C. 1301(c) pursuant to 11 U.S.C. 1301(c)(3) with respect to the co-debtor/co-mortgagor on the subject mortgage to wit: Cheryl Szilagy a/k/a Cheryl A. Szilagy a/k/a Cheryl Ann Szilagy.

16. The Debtor, Co-Debtor, Debtor's Attorney, the Chapter 13 Trustee and the Office of the United States Trustee have each been duly served with the within Notice of Motion,

Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

17. Upon the entry of the Order Granting Relief, the trustee shall cease to pay the secured portion of claim number 5, filed by Movant.

18. No prior application has been made for the relief requested herein.

19. The basis for asserting that the applicable party has the right to foreclose is stated as follows.  JPMorgan Chase Bank, N.A., services the loan on the property referenced in this Motion for Relief.  In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of JPMorgan Chase Bank, National Association. Said Entity, directly or through an agent, has possession of the promissory note.  The promissory note is either made payable to Said Entity or has been duly endorsed.  WHERE REQUIRED BY APPLICABLE LAW: Said-Entity is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

20. Debtor, Robert A. Szilagy and Co-Debtor, Cheryl Ann Szilagy executed a promissory note secured by a mortgage or deed of trust.  The promissory note is either made payable to Creditor or has been duly indorsed.  Creditor, directly or through an agent, has possession of the promissory note.  Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

16-055394

**WHEREFORE,** Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) and 1301(a); allowing Movant, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage including but not limited to foreclose the Mortgage secured by the subject Property; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:   April 4, 2022
       Plainview, New York

/s/Shari Barak

Shari S. Barak
LOGS Legal Group LLP f/k/a Shapiro, DiCaro & Barak, LLC
Attorneys for JPMorgan Chase Bank, National Association
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380

16-055394

# CERTIFICATE OF SERVICE

The undersigned certifies that on <u>April 6</u>, 2022, a copy of Notice of Motion, Affirmation in Support, Exhibits and Proposed Order Granting Relief from the Automatic Stay was caused to be deposited in an enclosed, properly addressed post-paid envelope, and served by ordinary U.S. Mail, postage prepaid, upon the following:

Debtor
Robert Szilagy
121 Turtle Cove Lane
Huntington, NY 11743

Co-Debtor
Cheryl Szilagy a/k/a Cheryl A. Szilagy a/k/a Cheryl Ann Szilagy
121 Turtle Cove Lane
Huntington, NY 11743
Attorney for Debtor
Cooper J. Macco, Macco & Corey P.C.
2950 Express Drive South, Suite 109
Islandia, NY 11749

Trustee
Krista M. Preuss
100 Jericho Quadrangle, Suite 127
Jericho, NY 11753

U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722

Dated: <u>April 4</u>

/s/Shari Barak
Shari S. Barak
LOGS Legal Group LLP f/k/a Shapiro,
DiCaro & Barak, LLC
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380
Email: logsecf@logs.com

16-055394

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE | CHAPTER 13 |
| ROBERT SZILAGY, | CASE NO. 8-19-78323-ast |
|  | JUDGE: Alan S. Trust |
| DEBTOR. |  |

**ORDER GRANTING RELIEF FROM  
THE AUTOMATIC STAY**

**ON** ___April 28___, 2022 the Motion (the "Motion") of JPMorgan Chase Bank, National Association, ("Movant") dated ___April 4___, 2022, came before the Court, for relief from the automatic stay with respect to the collateral known as 121 Turtle Cove Lane, Huntington, NY 11743.  This Court, having considered the evidence presented and the argument of the parties, and with good cause appearing therefore, it is hereby

**ORDERED** that the automatic stay, effect pursuant to 11 U.S.C. § 362(a), is hereby terminated pursuant to 11 U.S.C. § 362(d) as to Movant, its agents, assigns or successors in interest, so that Movant, its agents, assigns or successors in interest, may take any and all actions under applicable state law to exercise its remedies against the premises known as 121 Turtle Cove Lane, Huntington, NY 11743, and it is further

**ORDERED** the Co-Debtor stay in effect pursuant to 11 U.S.C. § 1301(a) is hereby modified to allow Movant its successors and/or assigns to commence and/or continue with a foreclosure action and eviction proceeding with regard to the Property; and its further

**ORDERED**  that the Chapter 13 Trustee shall be served with a copy of the referee's report of sale within (30) days of the report [if applicable], and shall be noticed with any surplus monies realized from the sale of the Collateral.

16-055394